J-S75021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSEPH D. REAVES | |
| Appellant | No. 433 EDA 2014 |

Appeal from the PCRA Order January 17, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1219021-1987

BEFORE:  ALLEN, J., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY LAZARUS, J.:                  **FILED DECEMBER 23, 2014**

Joseph D. Reaves (Reaves) appeals, *pro se*, from the order of the Court of Common Pleas of Philadelphia County dismissing his petition brought pursuant to the Post-Conviction Relief Act (PCRA).[1]  Upon careful review, we affirm.

The underlying facts of the case are as follows.  After luring an insurance adjuster inside his home under false pretenses, Reaves brutally and repeatedly beat and raped the victim overnight before driving her to another county and dumping her in a secluded area.  On April 4, 1988, Reaves pled guilty to rape, involuntary deviate sexual intercourse, aggravated assault, simple assault, kidnapping, and robbery.  The Honorable

_____

[1] 42 Pa.C.S. §§ 9541-9546.

Jane Cutler Greenspan sentenced Reaves to an aggregate prison term of 22½ to 90 years. Reaves did not file a petition to withdraw his guilty plea nor did he file a direct appeal from his judgment of sentence.

On September 10, 1991, Reaves filed his first PCRA petition, which was dismissed on July 12, 1993 after his appointed counsel filed a **Finley/Turner** "no merit" letter. Our Court affirmed the dismissal on August 11, 1994. No further appeal was taken.

Reaves filed the current *pro se* petition on November 29, 2010. On January 17, 2014, the PCRA court dismissed the petition as untimely and noted that the court did not have jurisdiction to consider the petition. Reaves filed a timely notice of appeal on January 30, 2014. Upon receipt of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the PCRA court filed its Rule 1925(a) opinion on April 29, 2014.

The PCRA requires that all petitions for relief be filed within one year of conclusion of direct review, unless the petitioner demonstrates that his untimely filing is excused by one or more of three statutorily enumerated exceptions. 42 Pa.C.S. § 9545(b)(1). Compliance with the timely filing requirement is excused only where: (i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or laws of the United States; (ii) the facts forming the basis of the claim were unknown to the petitioner and could not have been ascertained by the exercise of due diligence (newly-discovered evidence); (iii) the right

asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided and has been held by that court to apply retroactively. 42 Pa.C.S. § 9545(b)(1)(i)-(iii).[2]

A petition invoking one or more of these claimed exceptions must be filed within sixty days of the date that the claim could first have been presented. *Id.* Absent such an exception, the courts lack authority to entertain an untimely petition because the PCRA's time-bar provisions are jurisdictional in nature. *See Commonwealth v. Johnson*, 841 A.2d 136, 140 (Pa. Super. 2003); *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999). The petitioner bears the burden to demonstrate that the exception to the time bar applies, *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999), and that his petition was "filed within sixty days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Reaves' judgment of sentence became final on August 29, 1988, because Reaves failed to seek review within the thirty-day period available for filing an appeal. *See* Pa.R.A.P. 903(a). Reaves sought PCRA collateral relief in 1991, which was dismissed as untimely. Reaves waited an

---

[2] Pursuant to the 1995 Amendments to the PCRA, if a judgment of sentence became final before January 16, 1996, the petitioner had until January 16, 1997 to file his petition. Reaves exhausted this option when he filed his first untimely PCRA petition in 1991. Additionally, because this case involves Reaves' second petition, which he filed in 2010, the grace period has long expired.

additional nineteen years before filing the instant PCRA petition in 2010. Thus, for PCRA relief to be granted, Reaves is required to prove an exception to the time-bar.

Reaves argues that the "PCRA erred by rejecting newly discovered evidence of military induced Post-Traumatic Stress Disorder (PTSD), the same diagnosis available in 1988, yet the Court rush [sic] to sentence Appellant." Brief for Appellant, at 7.

To satisfy the criteria for newly-discovered evidence, a petitioner must show that the evidence: (1) has been discovered after the trial and could not have been obtained prior to the conclusion of trial; (2) is not merely corroborative or cumulative; (3) will not be used for impeachment purposes; and (4) is of such a nature and character that a different verdict will likely result if a new trial is granted. *Commonwealth v. Henry*, 706 A.2d 313, 321 (Pa. 1997).

Here, Reaves' diagnosis of PTSD cannot be deemed newly discovered because the diagnosis was available in 1988 at the time of sentencing. *See Henry*, *supra*. Additionally, at sentencing, counsel brought to the court's attention Reaves' emotional problems while in the Army. N.T. Sentencing Hearing, 7/28/88, at 8-9. Accordingly, Reaves fails to establish the newly discovered evidence exception.

Reaves further claims that the PCRA Court erred by not granting a hearing based on a change in the law or an alleged failure of trial counsel to communicate a plea offer made by the prosecution. Reaves bases his

- 4 -

argument on *Missouri v. Frye*, 132 S.Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), where the United States Supreme Court found counsel's failure to present a plea offer to a defendant constituted ineffective assistance of counsel in violation of the Sixth Amendment. This Court has concluded that neither *Frye* nor *Lafler* created a new constitutional right. *Commonwealth v. Hernandez*, 79 A.3d 649 (Pa. Super. 2013). "The right to effective assistance of counsel during the plea bargaining process has been recognized for decades," *Commonwealth v. Lewis*, 63 A.3d 1274, 1280 (Pa. Super. 2013) and cannot, therefore, be a newly recognized constitutional right. Accordingly, *Frye* and *Lafler* do not apply retroactively, and do not provide an exception to the time-bar set forth in 42 Pa.C.S. § 9545(b)(1). *Id.*

Reaves also alleges that his sentence was illegal and constitutes an exception to PCRA's jurisdictional time-bar. This claim is also without merit. Issues concerning legality of sentence are cognizable under the PCRA. *Commonwealth v. Hockenberry*, 689 A.2d 283 (Pa. Super. 1997). However, even where petitioner alleges an illegal sentence, an untimely PCRA petition is unreviewable. *Commonwealth v. Beck*, 848 A.2d 987 (Pa. Super. 2004). Because Reaves' petition is time-barred, his allegations of an illegal sentence cannot be reviewed.

Finally, Reaves argues that he is entitled to relief because the trial court abused its discretion when sentencing him. Claims challenging the discretionary aspect of sentencing are not cognizable under the PCRA, which

only permits challenges to the legality of a sentence.    42 Pa.C.S. §

9543(a)(2)(vii).  Accordingly, no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2014